IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIUS GOLDRING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATLANTA POLICE DEPARTMENT ) <br> OFFICERS VLADIMIR HENRY and ) <br> JUAN RESTREPO, in their individual ) <br> capacities, ) <br> ) <br> Defendants. ) | Civil Action File No. <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Julius "JuJu" Goldring ("Goldring"), hereby files this their First Amended Complaint against the Defendants, showing as follows:

## INTRODUCTION

1. Defendant Atlanta Police Department officers Vladimir Henry and Juan Restrepo arrested Goldring, a transgender individual, for jaywalking in Midtown Atlanta. Defendants then searched Goldring's purse, finding a stress ball. Without any legitimate cause to believe that the stress ball contained anything other than "sand," as described in the police report, Defendants cut the stress ball open. Defendants then twice field-tested the sand for narcotics, and twice received negative results. Nevertheless, Defendants arrested Goldring and

prosecuted them for trafficking in cocaine. As a result, Goldring spent approximately five months in jail before the GBI crime lab confirmed what common sense would have dictated from the start: the stress ball did not contain any illegal substance, and Goldring was innocent.

## PARTIES AND JURISDICTION

2. Plaintiff Goldring is a United States citizen and resident of Georgia.

3. Defendant Atlanta Police Department officer Vladimir Henry ("Defendant Henry") is an individual who was, at all times relevant herein, a police officer employed by the City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department. At all relevant times, Defendant Henry acted under color of state law.

4. Defendant Atlanta Police Department officer Juan Restrepo ("Defendant Restrepo") is an individual who was, at all times relevant herein, a police officer employed by the City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department. At all relevant times, Defendant Restrepo acted under color of state law.

## FACTS

5. Goldring was arrested for jaywalking on October 10, 2015.

6. Goldring was arrested for such a low-level offense because Goldring was apparently transgender and homeless.

7. Defendants Henry and Restrepo searched Plaintiff Goldring's purse.

8. Defendants found a stress ball in Plaintiff's purse.

9. According to Defendants' police report, the stress ball was filled with "sand."

10. Without any reasonable belief that the stress ball contained contraband, Defendants cut it open and conducted multiple field drug tests.

11. Defendants tested the contents of the stress ball multiple times in the presence of Plaintiff and every test was negative.

12. Field tests for drugs are known to produce high rates of false positives but are not known to produce high rates of false negatives.[1]

13. The test results were negative because there were no drugs in the stress ball, and stress balls are not objects commonly known to contain powder cocaine.

---

[1] *See, e.g.*, Ryan Gabrielson & Topher Sanders, *How a $2 Roadside Drug Test Sends Innocent People to Jail*, NY TIMES MAGAZINE (July 7, 2016), *available at* https://www.nytimes.com/2016/07/10/magazine/how-a-2-roadside-drug-test-sends-innocent-people-to-jail.html.

14. Nevertheless, and contrary to common sense and objective evidence that the stress ball contained nothing but sand, Defendants arrested Goldring and charged them with felony drug trafficking.

15. Defendants claimed to have found sixty (60) grams of powder cocaine.

16. The street value of such a quantity of powder cocaine is thousands of dollars.

17. Goldring was apparently homeless at the time of the arrest and was arrested with another individual Defendants knew to be homeless.

18. Plaintiff was indicted for felony drug trafficking on October 23, 2015.

19. Plaintiff's indictment was a result of Defendants' false statements contained in their police report and in the arrest warrant applications.

20. The sand from the stress ball was then transferred to the GBI Forensic Laboratory for further testing.

21. The GBI's further testing was completed November 17, 2015.

22. This testing confirmed that the sand from the stress ball was not cocaine or any other controlled substance.

23. The charges against Plaintiff were not dismissed until March 21, 2016.

24. Plaintiff remained in jail until March 22, 2016.

25. Plaintiff was assaulted in jail and suffered a gash above their eye, leaving a permanent scar.

26. Such an injury is a foreseeable consequence of Defendants' callousness in causing an innocent individual to be incarcerated.

27. Goldring's injury was all the more foreseeable as a transgender individual.

## COUNT ONE
*Malicious Prosecution under 42 U.S.C. § 1983 and Georgia Law*

28. On or about October 10, 2015, Defendants fabricated positive field drug test results and used that false and misleading information to cause the prosecution and prolonged detention of Plaintiff for the crime of cocaine trafficking.

29. Defendants instigated Plaintiff's prosecution without arguable probable cause.

30. In fact, Defendants had positive proof that there was no reason to proceed with this charge against Plaintiff from the multiple negative field tests. Instead, Defendants lied and fabricated evidence to support the trafficking charge.

31. As a result of Defendants' lies and fabrications, a facially valid warrant issued against Plaintiff for the offense of trafficking in cocaine.

32. Plaintiff's criminal prosecution terminated in Plaintiff's favor by virtue of a nolle pros order and dismissal entered on March 21, 2016.

33. Plaintiff was seized following the initiation of legal process in the form of, *inter alia*, an indictment issued on October 23, 2015.

34. Based on Defendants' intentional actions, Plaintiff was indicted and held in jail from October 11, 2015 to March 22, 2016.

35. Defendants are not entitled to official immunity under Georgia law because they knowingly fabricated the basis of Plaintiff's arrest by claiming that the substance in Plaintiff's stress ball was cocaine.

36. Even if there were any basis for Plaintiff's arrest for jaywalking, Plaintiff would have been released on or before October 11, 2015, but for the intentional and misleading acts perpetrated by Defendants.

37. As a result of Defendants' actions which resulted in Plaintiff's incarceration and prosecution, Plaintiff has suffered the following damages: deprivation of freedom and liberty from October 11, 2015 to March 22, 2016; past and future mental and emotional distress as Plaintiff was made to suffer great mental anguish, humiliation and disgrace as a result of their prosecution and lengthy incarceration; past and future pain and suffering; and other damages.

## COUNT TWO
### *Punitive Damages under federal and Georgia Law*

38. By engaging in the above described conduct, Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages pursuant to O.C.G.A. § 51-12-5.1 and 42 U.S.C. § 1983.

## COUNT THREE
### *Attorneys' fees under O.C.G.A. § 13-6-11*

39. This count is alleged against all Defendants under O.C.G.A. § 13-6-11.

40. Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense.

41. O.C.G.A. § 13-6-11 applies to tort actions arising under State law.

WHEREFORE, Plaintiff prays that this Court:

a) hold a trial by jury upon all of the issues so triable.

b) award compensatory, special, and punitive damages against Defendants in their individual capacities in an amount to be proven at trial;

    c) award attorneys' fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11;

    d) tax the costs of this action against Defendants;

    e) provide such and any other and further relief as the Court shall deem proper.

Respectfully submitted this 21st day of March, 2018.

                                              */s/Zack Greenamyre*
                                              Zack Greenamyre
                                              Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com

                                              */s/Jeffrey R. Filipovits*
                                              Jeffrey R. Filipovits
                                              Georgia Bar No. 825553

FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Rd.
Building 1
Atlanta, Georgia 30341
770-455-1350
jeff@law.filipovits.com

                                              *Counsel for Plaintiff*