**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JULIUS GOLDRING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | **1:18-cv-01191-WSD** |
| | ) | |
| **ATLANTA POLICE DEPARTMENT** | ) | |
| **OFFICERS VLADIMIR HENRY and** | ) | |
| **JUAN RESTREPO, in their individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**FIRST AMENDED COMPLAINT**

**Come now** Officers Vladimir Henry (Officer Henry) and Juan Restrepo (Officer Restrepo) (Collectively "Defendants") and hereby respond to Plaintiff's First Amended Complaint in the above-referenced matter as follows:

1

## <u>AFFIRMATIVE DEFENSES</u>

### <u>First Defense</u>

Plaintiff's Complaint fails to state a claim for which relief may be granted by this Court.

### <u>Second Defense</u>

All actions taken by Defendants were pursuant to the City of Atlanta's Charter and Code of Ordinances, the laws of the State of Georgia, and the laws of the United States of America.

### <u>Third Defense</u>

At all times relevant to this case, the actions of Defendants were taken in good faith and said actions were reasonable, proper and necessary under the circumstances.

### <u>Fourth Defense</u>

At all times relevant to this case, the actions of Defendants were taken in the good faith exercise of his duties and responsibilities as imposed by law.

### <u>Fifth Defense</u>

Any alleged injury to Plaintiff was not proximately caused by the conduct of Defendants.

### <u>Sixth Defense</u>

Defendants did not take any action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution or laws of the United States, the Constitution or laws of the State of Georgia, or the Charter or Code of Ordinances of the City of Atlanta.

<u>Seventh Defense</u>

Plaintiff's claims against Defendants are barred by the doctrine of sovereign and/or governmental immunity, qualified immunity, official immunity, and all other immunities available to Defendants in any capacity under any applicable law. Defendants expressly state that they have not waived any immunity defenses.

**Defendants respond to each and every allegation of Plaintiff's Complaint as follows:**

## PARTIES AND JURISDICTION

1.

Defendants are without sufficient information or knowledge to form a response to  paragraph 1.

2.

Officer Henry admits that he was acting under the color of state law and within the scope of his discretionary functions at all times relevant to the matter referenced in Plaintiff's Complaint.

3.

Officer Restrepo admits that he was acting under the color of state law and within the scope of his discretionary functions at all times relevant to the matter referenced in Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

4.

Defendants admit the allegations contained in Paragraph 4.

5.

Defendants admit that Plaintiff was arrested for Pedestrian Walking in Roadway in violation of O.C.G.A. 40-6-96 as well as Trafficking in Cocaine in violation of O.C.G.A. 16-13-31.A on October 15, 2015.

6.

Defendants deny the allegations contained in Paragraph 6.

7.

Defendants admit the allegations contained in Paragraph 7.

8.

Defendants admit the allegations contained in Paragraph 8.

9.

Defendants admit the allegations contained in Paragraph 9.

10.

Defendants deny the allegations contained in Paragraph 10.

11.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 11 and thus deny the same.

12.

Defendants deny the allegations contained in Paragraph 12.

13.

Defendants deny the allegations contained in Paragraph 13.

14.

Defendants deny the allegations contained in Paragraph 14.

15.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 15 and thus deny the same.

16.

Defendants admit that Plaintiff gave consent to inspect the contents of the ball. As to the remaining allegations contained in paragraph 16, those are denied.

17.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 17 and thus deny the same.

18.

Defendants are without sufficient information or knowledge to form a response to paragraph 18.

19.

Defendants deny the allegations contained in Paragraph 19.

20.

Defendants deny the allegations contained in Paragraph 20.

21.

Defendants deny the allegations contained in Paragraph 21.

22.

Defendants deny the allegations contained in Paragraph 22.

23.

Defendants deny the allegations contained in Paragraph 23.

24.

Defendants admit the allegations contained in Paragraph 24.

25.

Defendants admit that a field test on the substance of the stress ball was performed.  The remaining allegations in Paragraph 25 are denied.

26.

Defendants deny the allegations contained in Paragraph 26.

27.

Defendants deny the allegations contained in Paragraph 27.

28.

Defendants deny the allegations contained in Paragraph 28.

29.

Defendants deny the allegations contained in Paragraph 29.

30.

Defendants admit the allegations contained in Paragraph 30.

31.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 31 and thus deny the same.

32.

Defendants deny the allegations contained in Paragraph 32.

33.

Defendants deny the allegations contained in Paragraph 33.

34.

Defendants deny the allegations contained in Paragraph 34.

35.

Defendants deny the allegations contained in Paragraph 35.

36.

Defendants deny the allegations contained in Paragraph 36.

37.

Defendants deny the allegations contained in Paragraph 37.

38.

Defendants admit the allegations contained in Paragraph 38.

39.

Defendants admit the allegations contained in Paragraph 39.

40.

Defendants admit the allegations contained in Paragraph 40.

41.

Defendants admit the allegations contained in Paragraph 40.

41.

Defendants admit the allegations contained in Paragraph 40.

42.

Defendants deny that there was no indication that Plaintiff possessed drugs and are without sufficient information or knowledge to form a belief as to the remaining allegations in  paragraph 42.

43.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 43.

44.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 44 and thus deny the same.

45.

Defendants deny the allegations contained in Paragraph 45.

46.

Defendants deny the allegations contained in Paragraph 46.

47.

Defendants deny the allegations contained in Paragraph 47.

48.

Defendants admit the allegations contained in Paragraph 48.

49.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 49 and thus deny the same.

50.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 50 and thus deny the same.

51.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 51 and thus deny the same.

52.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding paragraph 52 and thus deny the same.

## **COUNT ONE**
### **Malicious Prosecution under 42 U.S.C. § 1983 and Georgia Law**

53.

Defendants deny the allegations contained in Paragraph 53.

54.

Defendants admit the allegations contained in Paragraph 54.

55.

Defendants deny the allegations contained in Paragraph 55.

56.

Defendants deny the allegations contained in Paragraph 56.

57.

Defendants admit the allegations contained in Paragraph 57.

58.

Paragraph 58 contains a legal conclusion to which no response if required.
To the extent that a response is required, Paragraph 58 is denied.

59.

Defendants deny the allegations contained in Paragraph 59.

60.

Defendants deny the allegations contained in Paragraph 60.

61.

Defendants deny the allegations contained in Paragraph 61.

62.

Defendants deny the allegations contained in Paragraph 62.

## COUNT TWO
### Punitive Damages under Federal and Georgia Law

63.

Defendants deny the allegations contained in Paragraph 63.

## COUNT THREE
### Attorney's fees under O.C.G.A. § 13-6-11

64.

Paragraph 64 does not contain an allegation to which a response is required.

65.

Defendants deny the allegations contained in Paragraph 65.

66.

Paragraph 66 contains a legal conclusion to which no response if required. To the extent that a response is required, Paragraph 66 is denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint within the time allowed by law, Defendants respectfully request:

a.     that all of Plaintiff's prayers for relief be denied;

b.     that the actions against Defendants be dismissed;

c.     that all costs incurred by Defendants to defend this action be

       cast upon the Plaintiff; and

11

d.      that Defendants be granted any other relief as the Court

deems proper.

Respectfully Submitted this 28th day of August, 2018.

                                        **RESPECTFULLY SUBMITTED,**

                                        */s/ Rita Cherry*
                                        **RITA CHERRY**
                                        Senior Assistant City Attorney
                                        Georgia Bar No. 123398
                                        **REGINALD B. McCLENDON**
                                        Assistant City Attorney
                                        Georgia Bar No. 154793
                                        ***Attorneys for Defendants***

City of Atlanta, Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(Phone) 404-546-4184
(Fax) 404-979-7778
RBMcClendon@AtlantaGA.gov
law-rmcherry@AtlantaGa.Gov

12

## <u>CERTIFICATION</u>

Counsel for City Defendants certifies that this ANSWER TO FIRST AMENDED COMPLAINT has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 28th day of August, 2018.

*/s/ Rita Cherry*
**RITA CHERRY**
Senior Assistant City Attorney
Georgia Bar No. 123398
**REGINALD B. McCLENDON**
Assistant City Attorney
Georgia Bar No. 154793
***Attorneys for Defendants***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **JULIUS GOLDRING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | **1:18-cv-01191-WSD** |
| | ) | |
| **ATLANTA POLICE DEPARTMENT** | ) | |
| **OFFICERS VLADIMIR HENRY and** | ) | |
| **JUAN RESTREPO, in their individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, I electronically filed the forgoing

ANSWER TO FIRST AMENDED COMPLAINT with the Clerk of Court using the

CM/ECF system with service on all attorneys of record electronically**.**

**RESPECTFULLY SUBMITTED,**


*/s/ Rita Cherry*
**RITA CHERRY**
Senior Assistant City Attorney
Georgia Bar No. 123398

14

City of Atlanta, Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(Phone) 404-546-4184
(Fax) 404-979-7778
RBMcClendon@AtlantaGA.gov
law-rmcherry@AtlantaGa.Gov