**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JU'ZEMA GOLDRING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATLANTA POLICE DEPARTMENT )<br>OFFICERS VLADIMIR HENRY and )<br>JUAN RESTREPO, in their individual )<br>capacities, )<br>)<br>Defendants. ) | Civil Action File No.<br><br>1:18-cv-1191-WMR |

## PLAINTIFF'S MOTION TO REQUIRE DEFENDANT TO ORDER AND INCLUDE THE PRETRIAL CONFERENCE TRANSCRIPT IN THE APPELLATE RECORD

Defendant Henry has filed an appeal of the judgment entered against him by this Court. As part of that appeal, Henry is required to order any transcripts that are necessary for inclusion in the appellate record. *See* Fed. R. App. P. 10(b).

While Henry has ordered the trial transcript to be included in the appellate record, he did not order the transcript of the pretrial conference. For the reasons explained below, pursuant to Fed. R. App. P. 10(b)(3)(C), Plaintiff requests this Court enter an order requiring Henry to order the transcript of the pretrial conference for inclusion in the appellate record.

1

"The burden of presenting an adequate record on appeal is on the appellant." *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 759 (5th Cir. 2001). And "[w]hile an appellant is not always required to provide a complete transcript of district court proceedings, *see* Fed. R. App. P. 10(b), the appellant does have a duty to provide those portions that are necessary for a meaningful review." *Birchler v. Gehl Co.*, 88 F.3d 518, 519–20 (7th Cir. 1996).

While the appellant has the burden of ensuring the appellate record allows for meaningful review, the appellee also shares the responsibility. Rule 10(b)(3)(C) directs an appellee seeking an order compelling the appellant to order and pay for a transcript to "move in the district court for an order requiring the appellant to do so."

Where, as here, an appellant does not order a full transcript of the proceedings in the district court, Fed. R. App. P. 10(b)(3)(A) requires the appellant to "file a statement of the issues that the appellant intends to present on the appeal."[1] While Henry did not file a separate statement of the issues under Rule 10, his civil appeal statement lists the following issues that will be raised on appeal: "The Officer's entitlement to qualified immunity; trial issues."

---

[1] *See also Abood v. Block*, 752 F.2d 548, 550 (11th Cir. 1985) ("Under Rule 10(b)(3), if appellant does not order a transcript, he/she must file a statement of issues that are to be presented on appeal and serve such statement on opposing counsel.").

Because Plaintiff's counsel could not determine whether the "trial issues" would include matters that were argued and ruled upon during the pretrial conference, Plaintiff's counsel emailed Defendant's counsel and asked that they specify what trial issues they planned to raise so that Plaintiff could determine whether the pretrial conference transcript was necessary for the appeal.

Defendant's counsel responded by providing some additional detail as to what issues might be raised in the appeal, but refusing to state that the issues raised would *not* involve subjects issues that were argued and ruled upon during the pretrial conference.[2]

Because Plaintiff could not determine whether the pretrial conference transcript would bear on the issues raised in the appeal, Plaintiff filed a notice of additional record designations in the Court of Appeals, as required by Fed. R. App. P. 10(b)(3)(B).[3] *See* Exhibit 1, filed March 16, 2022.

Since that time, Henry has not ordered the transcript of the pretrial conference, nor has Henry specified each of the "trial issues" that will be raised in

---

[2] One issue that Defendant's counsel indicated would likely be raised is the issue of special interrogatories, which was a subject that was discussed at the pretrial conference.

[3] Fed. R. App. P. 10(b)(3)(B) states that "if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered . . . ."

3

the appeal, despite additional written request from Plaintiff's counsel.[4] Given Henry's refusal to state the issues that the appeal will be limited to, it is Henry's duty to order the transcript of all relevant proceedings. Ms. Goldring—who is indigent—should not be shouldered with the financial burden of ensuring that Henry fulfills his duty of assembling a complete appellate record.

Plaintiff therefore moves this Court to order Henry to purchase the pretrial conference transcript pursuant to Fed. R. App. P. 10(b)(3)(C), which states that "unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so."

Based upon Henry's refusal to specify the issues that will be raised on appeal, and refusal to order the transcript of the pretrial proceedings, Ms. Goldring

---

[4] Instead, Henry's counsel cleverly, but wrongly, suggested that if it appeared that the transcript was relevant, Plaintiff could order the transcript *after* the filing of Henry's opening brief and include it in Plaintiff's appendix in the Court of Appeals. Henry's counsel undoubtedly knows that is not the proper procedure for assembling the record for appeal.

Based on Plaintiff's experience with Henry and his counsel, it appears they are again trying to hide the ball. Plaintiff believes there is a substantial risk that Henry will make arguments on appeal that were waived, conceded, or ruled upon during the pretrial conference. Plaintiff believes the reason Henry does not wish to order the pretrial conference transcript is because it will work against him, for example, by showing that he failed to preserve an error.

4

requests this Court enter an order requiring Henry to order the transcript of the pretrial conference as authorized by Fed. R. App. P. 10(b)(3)(C). *See, e.g., Ware v. U.S. Bank Nat'l Ass'n*, No. 3:13CV387-DPJ-FKB, 2016 WL 411207, at *2 (S.D. Miss. Feb. 2, 2016) (granting an appellee's motion to require an appellant to order, and pay for, a transcript of an oral argument in the district court).

Submitted this 31st day of March, 2022.

**Jeff Filipovits**
Georgia Bar No. 825553

Spears & Filipovits, LLC
315 W. Ponce de Leon Ave.
Decatur, GA 30030
404.905.2225
jeff@civil-rights.law

**Zack Greenamyre**
Georgia Bar No. 293002

Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, GA 30305
404.812.4751
zack@mitchellshapiro.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## **CERTIFICATE OF SERVICE**

I certify that I served the foreign foregoing document by filing the same with the Clerk of using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 31st day of March, 2022.

**Jeff Filipovits**
Georgia Bar No. 825553
Spears & Filipovits, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, GA 30030
404.905.2225
jeff@civil-rights.law